# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES WILLIS SHORT, individually, and as Administrator of the Estate of VICTORIA CHRISTINE SHORT, )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>ANDREW C. STOKES, SHERIFF OF DAVIE COUNTY, in his individual and official capacity; J.D. HARTMAN, SHERIFF OF DAVIE COUNTY, in his individual and official capacity; CAMERON SLOAN, CAPTAIN, Chief Jailer with the Davie County Sheriff's Department, in his individual and official capacity; DANA RECKTENWALD, LIEUTENANT, Operations Supervisor of the Detention Center with the Davie County Sheriff's Department, in her individual and official capacity; TERESA MORGAN a/k/a TERESA M. GODBEY, SERGEANT, Jailer-Detention Officer with the Davie County Sheriff's Department, in her individual and official capacity; CRYSTAL MEADOWS, SERGEANT, Detention Officer with the Davie County Sheriff's Department, in her individual and official capacity; MATTHEW TRAVIS BOGER, Jailer-Detention Officer with the Davie County Sheriff's Department, in his individual and official capacity; JOHN or JANE DOES 1-5, Jailers-Detention Officers with the Davie County Sheriff's Department, in their individual and official capacity; and WESTERN SURETY COMPANY,<br><br>Defendants. | 1:18CV741 |

**MEMORANDUM ORDER**

Plaintiff Charles Willis Short ("Mr. Short"), acting individually and as the Administrator of the Estate of Victoria Christine Short ("Ms. Short"), filed the instant Motion for Relief from Judgment Pursuant to Rule 60(b) [Doc. #124] ("60(b) Motion") of the Court's earlier Memorandum Opinion and Order granting Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c) [Doc. #54] ("12(c) Motion"). For the reasons set forth below, the motion is denied.

This action arises from the events at Davie County Detention Center which allegedly led to Ms. Short's attempted suicide while detained and her eventual death in August 2016. Defendants moved for judgment on the pleadings, which was granted. (See Mem. Op. and Order (Feb. 17, 2021) [Doc. #122] ("Opinion").) Mr. Short now moves for partial reconsideration to "allow the remaining issues to proceed to trial, or at least consider the summary judgment arguments which were pending at the time the Court entered its Judgment." (60(b) Mot. at 1 (footnote omitted).)

Prior to Defendants' motion for judgment on the pleadings, the parties began discovery during which, according to his memorandum in support of his 60(b) Motion, Mr. Short learned that a fact he alleged in his Amended Complaint was wrong. (See Pl.'s Mem. in Supp. of Mot. for Relief from J. Pursuant to R. 60(b)(1) at 1-2 [Doc. #125] ("Pl's. Mem. in Supp.").) Specifically, discovery showed that Linda Barnes, LPN ("LPN Barnes") evaluated Ms. Short around noon on August 23, 2016, after Defendant Sergeant Morgan's assessment, not around midnight on

August 23 as stated in the Amended Complaint. (Compare Am. Compl. ¶¶ 46-47 with Pl's. Mem. in Supp. at 1-2.)  Mr. Short did not seek leave to amend the Amended Complaint.  While the Rule 12(c) motion was pending, Defendants moved for summary judgment.

The Court's having granted judgment on the pleadings, Mr. Short now asks the Court to reconsider the allegations in light of the correct timing of LPN Barnes' evaluation of Ms. Short.  He objects to the Court's use of the facts as alleged in the Amended Complaint in paragraphs 46 and 47 as an "undisputed fact" and argues that it "shows that the Court's Judgment was based on a mistake." (Pl's. Mem. in Supp. at 2.)  He states further that he did not amend his original pleadings to correct this fact "because that was not necessary when all of the parties understood what the actual facts were early in discovery" and he directs the Court to his response in opposition to the motion to dismiss filed by now-dismissed defendant Southern Health Partners, Inc. ("SHP") that was on the docket at the time of the 12(c) Motion. (Pl.'s Reply in Supp. of Mot. for Relief from J. Pursuant to R. 60(b) at 2 [Doc. #129].)  In that brief, Mr. Short clarifies the timing in a footnote and notes that the "allegations remain factually correct in all other respects" and that "there is no difference in the import of these actions . . . other than to highlight that SHP's employees should have been trained to look at and pay attention to information in the detention medical intake forms." (Pl.'s Resp. in Opp'n to Def. SHP's Partial Mot. to Dismiss at 2-3 n.1 [Doc. #49].)  In the alternative, Mr. Short requests the Court consider the summary judgment

3

arguments which, as noted above, were pending at the time of the Court's judgment. (60(b) Mot. at 1.)

Defendants contend that even if the Court used the facts as stated in Mr. Short's response to SHP's motion to dismiss—and the Court should not, given that the facts do not come from the pleadings—Defendants would still be entitled to judgment on the pleadings because Ms. Short had access to and was regularly evaluated by medical care providers. (Resp. in Opp'n to Pl.'s Mot. for Relief from J. Pursuant to R. 60(b) at 2-8 [Doc. #128]). Defendants also argue that the Court should decline Mr. Short's request to review the summary judgment motion and briefings given that they do not wish to convert their motion on the pleadings into one for summary judgment. (Id. at 8.)

Mr. Short invokes Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure and the Court's inherent authority to reconsider its earlier Opinion. (Pl's. Mem. in Supp. at 10.) The remedy permitted by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co. Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citing cases). To grant such a remedy under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987); see also Anderson v. Pruitt, 1:10-cv-553, 2013 WL 664191, at *1 (M.D.N.C. Feb. 22, 2013). If that threshold showing is made, Rule 60(b)(1) states that a court "may relieve a party

4

or its legal representative from a final judgment, order, or proceeding" for a "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1) requires "an acceptable excuse" for a party's failure to correct a mistake. Park Corp., 812 F.2d at 896-97 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2858, at 170 (1973) (explaining that the party seeking relief from judgment under Rule 60(b)(1) "must make some showing of why he was justified in failing to avoid mistake or inadvertence")).  Rule 60(b)(6) allows for the same relief if "any other reason justifies [it]."  With respect to this catch-all provision, the Fourth Circuit has found the "context [of Rule 60(b)(6)] requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)).

There is no dispute that Mr. Short's motion is timely.  However, relief is not warranted under either Rule 60(b)(1) or (b)(6).  The "mistake" here was a fact in the Amended Complaint left uncorrected despite an opportunity to do so, see Fed. R. Civ. P. 15(a)(2).  As Mr. Short said, he was aware of the mistaken fact early in discovery.  He could have sought leave to amend the Amended Complaint to cure the error prior to the Court's disposition of the 12(c) Motion during which the Court necessarily would rely on the allegations in the Amended Complaint.  Under the Rule 12(c) standard, a court is "limited to considering the sufficiency of the allegations set forth in the complaint and the 'documents attached or incorporated

5

into the complaint.'" Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)); see also Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). In other words, the complaint is the operative document in a motion on the pleadings. See Zak, 780 F.3d at 606-07; Massey, 759 F.3d at 347.

While Mr. Short argues that amending the pleadings was unnecessary "when all the parties understood what the actual facts were early in discovery," that is not the standard to which the Court is bound. Clarifying a fact in the footnote of a response to a motion to dismiss filed by a defendant who is no longer a party to the case is insufficient for the purposes of a Rule 12(c) motion. Moreover, Mr. Short's own language in the footnote limits the import of the fact to the now-dismissed defendant. Further, a party "may not amend h[is] complaint through argument in a brief opposing summary judgment," Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x 556, 563 (4th Cir. 2008) (unpublished), or "a motion to dismiss," Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). See also Gilmour v. Gate, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (finding that "a plaintiff may not amend her complaint through argument in a brief opposing summary judgment"). To allow otherwise "would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." Morgan Distrib. Co., 868 F.2d at 995 (internal citations omitted). As such, the

circumstances here are neither justified by an "acceptable excuse" nor are sufficiently "exceptional" to warrant relief under Rule 60(b).

Nevertheless, even if it had been alleged that LPN Barnes saw Ms. Short around noon on August 23, 2016 after Sergeant Morgan had already completed an evaluation, it would not have changed the conclusion that Mr. Short failed to sufficiently allege a claim for deliberate indifference. Ms. Short would still be alleged to have received ongoing medical treatment and evaluation by LPN Barnes and other medical professionals while detained and that it was LPN Barnes who authorized Ms. Short to be put on withdrawal protocol—rather than suicide watch—and moved to isolation. Therefore, it would still be true that while Sergeant Morgan's alleged actions—or inaction—may have violated Detention Center policy, it was not a violation of Ms. Short's constitutional rights.

The Court also declines Mr. Short's request to consider the summary judgment arguments which were pending when the Court ruled on the 12(c) Motion. To do so would make the motion on the pleadings futile, in effect eviscerating Rule 12(c). Moreover, the Court did not consider or need to consider any material outside the pleadings in granting Defendants' 12(c) Motion. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."); E.I. du Pont de Nemours & Co., 637 F.3d at 448.

7

For the reasons explained above, IT IS HEREBY ORDERED that Plaintiff Charles Willis Short's Motion for Relief from Judgment Pursuant to Rule 60(b) [Doc. #124] is DENIED.

This the 9th day of April, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge